## TOWN OF FAIRBANKS v. DRAYTON.

### No. 1021–Cr.

Fourth Division.

Jan. 29, 1931.

Morton E. Stevens, of Fairbanks, for plaintiff.
Thomas B. Drayton, of Fairbanks, for defendant.

CLEGG, District Judge.

In the absence of any demurrer to the complaint on the part of the defendant or any objection to the introduction of testimony at the commencement of trial, this motion now for a directed verdict challenges the attention of the court and requires ascertainment and decision as to whether or not the complaint charges an offense under the city ordinance in question.

It is admitted by the attorneys on both sides that the action is prosecuted under the provisions of section 96 of Ordinance No. 177 of the town of Fairbanks. This section provides as follows: "That any person who shall hinder or molest the pound-masters or any person working for them, while endeavoring to capture or after capture of any dog, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $100 or imprisonment in the Municipal Jail not more than ninety days or by both such fine and imprisonment."

The charging part of the complaint, briefly, is as follows: "That the said Thomas B. Drayton" at the time and place charged, "did wilfully and unlawfully hinder and interfere with the pound-master in the lawful discharge of his public duty; in that the said Thomas B. Drayton entered the dog pound and released certain dogs therefrom without permission and during the absence of said pound-master, contrary to the form of the ordinance in such case made and provided."

It is apparent from the first reading of the ordinance that the offense denounced is the unlawful hindrance or molestation by any person of the poundmaster while he is endeavoring to capture or after the capture of any dog. The city council having specified the time of this prohibited act and limiting it to the time of the capture of a dog

(that is, while endeavoring to capture a dog or after the capture) excludes all other times, and therefore any hindrance or interference with the poundmaster at any time other than while endeavoring to capture a dog or after the capture of a dog would not be a violation of this ordinance.

It is clear that, where a dog is captured by the poundmaster and is transported, hauled, or carried by the poundmaster to the dog pound and placed therein in a substantial inclosure, the event of capture is over, and that some other period has commenced; that is to say, the period of detention or imprisonment·or chaining up of the offending animal has commenced, and the period with reference to the act of capture of the dog has long since passed.

█ The complaint does not follow the ordinance in any particular. It says that the defendant "did wilfully and unlawfully hinder and interfere with the poundmaster in the lawful discharge of his public duty." The ordinance says nothing whatever about the lawful discharge of the public duty of the poundmaster.

█ The complaint also says: "In that the said Thomas B. Drayton entered the dog pound and released certain dogs therefrom without permission and during the absence of said poundmaster." The ordinance says nothing at all about punishing any person who enters the dog pound and releases certain dogs therefrom without the permission and during the absence of the poundmaster.

The complaint is drawn clear wide of the terms of the ordinance altogether, and does not state anything at all which is made punishable therein.

Of course, if it is the intention of the council by an ordinance to punish some person for unlawfully breaking into the pound and removing any dogs therefrom that are in the custody of the poundmaster, they can very easily and clearly say that in language that any person can understand. This complaint charges no offense under this

particular ordinance or any other that I have had called to my attention.

Consequently, being convinced that, if a verdict of conviction should be rendered, the court would be required immediately to set the verdict aside, it would be mere folly to proceed further with the trial.

The court will therefore grant the motion of the defendant for a directed verdict of acquittal, and I will ask the jury to select a foreman and have him step down and sign this verdict which I now hand you.